IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
AT JACKSON

_____

|                                    |     |                                      |
|------------------------------------|-----|--------------------------------------|
|                                    | )   | C. A. No. 02A01-9703-CV-00056        |
| **STEVE CARROLL and wife**,        | )   | McNairy County Circuit Court         |
| **TAMMY CARROLL**,                 | )   | No. 4251                             |
|                                    | )   |                                      |
|   Plaintiffs/Appellants. | )   | HON. JON KERRY BLACKWOOD,            |
|                                    | )   | JUDGE                                |
| VS.                                | )   |                                      |
|                                    | )   | **AFFIRMED AND REMANDED**            |
| **J. R. ROACH**,                   | )   |                                      |
|                                    | )   | OPINION FILED:                       |
|   Defendant/Appellee.    | )   |                                      |
|                                    | )   |                                      |

**W. J. REYNOLDS**, Reynolds & Reynolds Law Firm, Savannah, for Plaintiffs/Appellants.

**CHARLES M. PURCELL**, Waldrop & Hall, P.A., Jackson
**TERRY ABERNATHY**, Law Offices of Terry Abernathy, Selmer
for Defendant/Appellee.

**FILED**

**August 18, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

_____

### MEMORANDUM OPINION[1]
_____


**FARMER, J.**


      Steve Carroll and wife Tammy Carroll sued J. R. Roach to recover for damages sustained as a result of a vehicular accident between a car driven by Mr. Carroll and a truck and trailer driven by Mr. Roach.


      Following a bench trial, the trial judge found that Mr. Carroll's negligence was 50% or more of the total negligence of the parties compared, thus the plaintiffs' recovery is barred. *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992). The plaintiffs contend on appeal that the trial court's ruling was in error. Our review of this matter is *de novo* on the record with a presumption that the trial court's findings of fact are correct unless the preponderance of the evidence is

---

[1]**Rule 10 (Court of Appeals). Memorandum Opinion**. -- (b) The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

1

otherwise.  Rule 13(d) T.R.A.P.

The accident occurred in a rural area of McNairy County at the intersection of Bethesda Road and Purdy Road.  Prior to the impact, Mr. Carroll was driving a 1991 Chevrolet automobile in a generally westerly direction on Bethesda Road and Mr. Roach was driving a truck tractor with a 25 foot trailer in a generally easterly direction on Purdy Road.  Bethesda Road curves to the left at about the point where Purdy Road intersects with it.  There is a stop sign governing traffic on Purdy Road.

Mr. Carroll testified that he had no memory of the accident at all and was unable to estimate his speed.  He was driving the automobile normally driven by his wife, although he has driven it on numerous occasions.

Mr. J. R. Roach testified that he and his brother, James Roach, were hauling hay.  As they approached the intersection, he stopped at the stop sign, saw nothing coming and proceeded to pull onto Bethesda Road which would entail him bearing to his left as he pulled away from the stop sign.  As he started to pull onto Bethesda Road, he saw a vehicle coming in the opposite direction on Bethesda Road "airborned over the hill."  He slammed on his brakes and cut his wheels.  He estimated his speed at approximately 10 m.p.h. prior to applying his brakes.  When he first saw the car he estimated that about one-third or one-quarter of the car was over the centerline of Bethesda Road.  As the car approached his truck, the car turned sideways, hit a ditch on the car's right side, then came back and hit the truck.  He described the impact as turning the cab back in the other direction and stated that the truck was stopped prior to impact.  The car struck the cab of the truck about the right front wheel.  He estimated Mr. Carroll's speed at 60 to 80 m.p.h., possibly more.  He testified that after his truck came to a stop, the whole two lanes of Bethesda Road were clear to Mr. Roach's right and also some ten to twelve feet to the shoulder of the road was clear to his left.  He testified that he measured the distance from the top of the hill from which Mr. Carroll was coming toward him to be something more than 300 feet to the point of impact.

James Roach, the defendant's brother, was a passenger in the truck.  He testified that

2

J. R. pulled up to the stop sign and stopped. James looked to his right and told him it was clear in that direction. The truck pulled forward and J. R. said "[w]e're going to get hit." James Roach then saw the approaching car over the hill traveling at "a pretty fast speed." As the car came toward the truck it came sideways in the road, got off the road onto gravel to the driver's right, then back onto the road just shortly before impact.

The only other eyewitness, Tina Littlejohn, was called by the plaintiffs. She testified that she saw the accident from inside her house and saw the Roach truck coming at a high rate of speed. She testified that the truck did not stop and that the Carroll car was trying to leave the road. She testified that the truck was in Carroll's lane at the time of impact. Ms. Littlejohn testified on cross-examination that she wears glasses but was not wearing them that day. She testified that she needs her glasses "to see good." She further testified that Mr. J. R. Roach was not driving the truck, but came upon the scene about 15 minutes later. She testified that there were 6 or 7 highway patrolmen present at the scene and that the men in the truck did not go to the car to try to help Mr. Carroll. J. R. Roach testified that there were only 2 highway patrolmen who came to the scene. Both J. R. and James Roach testified that, after they crawled out of the window of the truck, they went immediately to the car where J. R. Roach crawled inside the car and held Mr. Carroll's head until help arrived.

Appellants contend that the evidence that the Roach vehicle was over the centerline of Bethesda Road at the time of impact, coupled with the testimony of Ms. Littlejohn, should negate the trial court's imputation of the greater fault to Mr. Carroll. It is apparent from the ruling of the court below that it found the testimony of J. R. Roach and James Roach to be more credible than that of Ms. Littlejohn. The trial judge had the opportunity to see and hear the witnesses, to observe their appearance and demeanor. His determination of their credibility is entitled to great weight on appeal. *Tenn-Tex Properties v. Brownell-Electro*, 778 S.W.2d 423 (Tenn. 1989); *Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47 (Tenn. 1959). After reviewing this record, we do not find the evidence to preponderate against the trial court's finding that Mr. Carroll's negligence was 50% or more of the total negligence of the parties compared.

The judgment of the trial court is affirmed and the costs of this appeal are taxed to the appellants, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)

4