Town of Alamo, Tennessee, Petitioner,

*v.*

Forcum-James Company, Respondent.

(*Jackson,* April Term, 1959.)

Opinion filed June 27, 1959.

Rehearing denied September 3, 1959.

J. B. Avery, Jr., Alamo, for petitioner.

Cecil Sims, Nashville, W. P. Moss, Jackson, for respondent.

Mr. Justice Swepston delivered the opinion of the Court.

This case was disposed of by a full opinion announced on July 27, 1959, at Nashville, but we see nothing to be gained by publication of the entire opinion consisting of

22 pages. However, two assignments of error are treated therein which are important matters of practice and procedure and this separate opinion is filed for publication solely in order to present the discussion and ruling under those two assignments.

The original bill was filed by Forcum-James Company against the Town of Alamo to recover a balance alleged to be due by virtue of a construction contract under which the complainant agreed to construct for the Town of Alamo a sanitary sewerage system and disposal plant.

A jury was demanded by the Town of Alamo and one having been empanelled, the case proceeded to trial and was tried on oral testimony but at the close of all the evidence on motion of the original complainant that no issues be submitted to the jury and that the cause be decided by the Chancellor, on the ground that the issues were too complicated and involved too many questions of law and mixed questions of law and fact for the consideration of a jury, the same was granted and the jury was dismissed and the entire matter was disposed of by the Chancellor in a written opinion.

After the case was heard and disposed of by the Court of Appeals, we granted certiorari.

The first two assignments of error, however, do call for specific treatment because they involve important questions of practice and procedure. The first assignment of error is that "the Court of Appeals erred in trying the case *de novo*. This was error, because the case was tried below irregularly not according to the forms of Chancery, was one in which a jury participated, was tried upon oral testimony by the Chancellor without consent of the parties, and over the protest of the defendant Town,

and was actually a 'jury case'. Therefore, it should have been tried by the Court of Appeals on the rule that if there is any material evidence to support the findings of the Chancellor, the case will be affirmed.''

The second assignment is ''the Court of Appeals erred in trying the case *de novo* and in failing to do so with a presumption that the decree below is correct. This is error because the great majority of the issues in the case are factual rather than legal. The case was tried on oral testimony and the Chancellor heard and saw the witnesses and their demeanor on the stand, and yet the Court of Appeals found the exact opposite of what the Chancellor found on every material fact issue, notwithstanding the fact that the great preponderance of the proof supported the every finding of the Chancellor.''

These two questions were raised in the Court of Appeals but were not expressly dealt with and were impliedly overruled. Under the first assignment it seems to be the insistence either that this was a jury trial and that the Court of Appeals could not reverse if there was any material evidence to support the decree below or that if not a jury trial, the cause being tried irregularly, the review would be *de novo* but with a strong presumption in favor of the findings of the Chancellor.

In our opinion it was clearly not a jury trial and what is said in the Fourth Edition of Gibson's Suits in Chancery, Sec. 548e treats with a situation where either one or both of the parties, after a jury has been demanded, undertakes either to re-convert the cause into a non-jury trial or to waive the jury and let the Chancellor sit as a jury. That is not the situation existing in this case, however. As will be seen hereinafter it was a situation

where the Chancellor after having heard all the proof realized that the first determinative question was the construction of the contract itself and then the question of the construction of various written instruments, all questions of law or complicated questions of mixed law and fact not suitable for the consideration of a jury. Therefore, the applicable section is Sec. 548a of the above work, which reads as follows:

"Limitations Upon the Right to a Jury Trial in Equity.—A jury trial should not be allowed unless the record discloses a dispute between the parties respecting one or more determinative questions of fact. If there arises a controlling question of law, or if the cause turns upon a point of law alone, such as the meaning of an instrument; or the legal consequences of fact that are conceded, or if the questions are so intermixed with questions of law that they cannot be singled out, there is nothing that should be submitted to a jury and the application should be denied.

"There are some cases so inherently equitable that they can be satisfactorily determined by the Chancellor only; and there may be cases where the rights and contentions of the parties are so involved that the verdict of a jury would but add to the confusion. This is peculiarly true of cases involving complicated accounts or trust or equitable interests. But this limitation is not confined to bills for an accounting. For there may be cases, although involving disputes of fact, that are yet so intricate that no clearly defined and determinative questions of fact can be culled therefrom. Hence the judicial necessity of leaving with the Chancellor the right and power to grant or deny a jury trial

in some instances, subject always to review by the appellate courts. If the verdict of a jury cannot possibly be of service to the Chancellor; if, notwithstanding a verdict one way or another, the Chancellor will be constrained to dispose of the cause upon some other points than those in dispute, the demand for a jury should be denied.''

That was the situation in this case. The Town of Alamo offered 39 issues to be submitted to the jury. Some of these involved questions of interpretation of written documents which of course were not proper for submission to the jury and the relevancy of some of the issues of fact depended upon first the proper construction of the contract between the parties. We are of opinion that the Chancellor was correct, when upon motion of Forcum-James he declined to submit any issues to the jury and discharged the jury.

The case was tried irregularly, however, and the review was properly under T.C.A. sec. 27-303 providing among other things for a hearing *de novo* upon the record of the trial court accompanied by a presumption of the correctness of the judgment below unless the preponderance of the evidence is otherwise; and since it was tried upon oral testimony, the finding of fact by the Chancellor dependent upon the credibility of the witnesses was entitled to a great weight in the Court of Appeals. *Jackson v. Jackson*, 25 Tenn.App. 198, 154 S.W.2d 797. We think, however, that that rule means very little in this particular case by reason of the nature of the proof; a great deal of the testimony in behalf of the Town of Alamo was statements by Town officials as to how each one of them understood the contract, which of course,

has no relevancy or probative value because the determinative matter is how the parties to the contract on one side and the other mutually understood the contract; other parts of the testimony are interpretations of written documents by witnesses, etc.

We are, therefore, of opinion that both the first and second assignments of error should be overruled.

## On Petition to Rehear

The petition to rehear presents no new matters of fact or law but is a reargument of matters urged in the brief of petitioner and fully considered on the original hearing. The same is overruled.