IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

CHERI OWINGS TUNCAY,

     Plaintiff-Appellant,

Vs.

ENGIN HALIF TUNCAY,

     Defendant-Appellee.

**FILED**

**February 9, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

From the Shelby County
Chancery Court, No. 26322-3
The Honorable D. J.
Alissandratos, Chancellor
C.A. No. 02A01-9709-CH-00209
*AFFIRMED*

James D. Causey and Jean
E. Markowitz of Memphis
For Appellant

Michael C. Williams; Evans & Petree
of Memphis, For Appellee

_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

     This is a divorce case. Plaintiff-appellant Cheri Owens Tuncay was granted a divorce on the ground of inappropriate marital conduct. Mrs. Tuncay appeals the trial court's division of the marital debts as well as the court's failure to award her alimony beyond $5,000 in attorney fees.

     The parties had been married for approximately twenty years when Mrs. Tuncay filed for divorce in October 1995. Mr. Engin Halif Tuncay worked in the club management business throughout the marriage, with income varying from $20,000 per year during the early years to over $93,000 per year at the time of the divorce hearing. Mrs. Tuncay had significant income, sometimes as much as $200,000-300,000 per year during the early years of the marriage, from her ownership interests in various hotels and other companies which she owns jointly with other family members. This "passive" income allowed the parties to live an extravagant lifestyle. Mr. Tuncay at various times purchased a Jaguar, a Mercedes, a Ferrari, and a $50,000 boat, while his individual income averaged less than $50,000 per year. Income from Mrs. Tuncay's holdings

---

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

began to decrease in the mid 1980's due primarily to a slump in the hotel business. Mr. Tuncay also found himself on hard times, and at one point was unemployed for approximately two years. Mrs. Tuncay testified that in order to sustain their lifestyle, the parties were forced to deplete her separate assets, including $200,000 that she held in certificates of deposit. Mrs. Tuncay further testified that Mr. Tuncay never contributed any of his salary to running the household and that she "had no idea" what he did with his money.

Mrs. Tuncay is qualified to teach elementary students in all private, city, and county schools in the Memphis area, but she has not worked full-time for approximately twenty years. The evidence showed that Mrs. Tuncay has worked periodically as a substitute teacher during the last six years, but has made little or no effort to obtain full-time employment. Four months prior to the divorce hearing, Mrs. Tuncay began working part-time at Service Merchandise for $7.30/hour.

A major dispute at trial, and in this appeal, involves assignment of a $41,000 debt owed to the IRS as a result of income tax, penalties, and interest from "phantom gains" on Mrs. Tuncay's holdings. Mrs. Tuncay asserts that her husband has primarily benefitted from use of the parties' credit cards and from her investment income and that he should bear the majority of the credit card and IRS debts because of his currently high earnings. Furthermore, she asserts she is entitled to alimony when considering Husband's much greater earning capacity, the length of the marriage, the fault of Husband, her contributions to the parties' lifestyle, and other statutory factors. Mr. Tuncay counters that his wife has significant earning capacity as a teacher, is in good health, and retains significant personal, income-producing assets.

The final decree awarded Mrs. Tuncay an absolute divorce on the stipulated ground of inappropriate marital conduct, awarded her custody of the two minor children, and ordered Mr. Tuncay to pay child support in accordance with the child support guidelines. In addition, the divorce decree provides in pertinent part that credit card debts totaling $8,297.56, as well as the IRS debt of $40,651.54, plus any interest and penalties, are to be borne equally by the parties. In addition, Mr. Tuncay was ordered to continue making payments on the eldest daughter's vehicle. Mrs. Tuncay was awarded alimony *in solido* in the amount of $5,000, for part of her attorney fees.

2

Mrs. Tuncay appeals the order of the trial court and presents three issues for review:

1.  Whether the trial court erred in ordering Wife to be responsible for one-half of the 1994 tax debt.
2.  Whether the trial court erred in ordering Wife to be responsible for one-half of certain credit card debts.
3.  Whether the trial court erred in failing to award alimony to wife.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d). The weight, faith, and credit to be given to any witness' testimony lies in the first instance with the trier of fact. The credibility accorded will be given great weight by the appellate court. *Town of Alamo v. Forcum-James Co.*, 205 Tenn. 478, 483, 327 S.W.2d 47,49 (1959); *Mays v. Brighton Bank*, 832 S.W.2d 347, 351-52 (Tenn. App. 1992).

This case is unusual in that the primary debate involves the assignment of debts rather than the division of assets. Other than their home furnishings and automobiles, the parties seem to have acquired few, if any, assets during their marriage, In fact, there is not even a marital home to fight over. Mr. Tuncay quit-claimed his interest in the marital home to his wife, apparently in the contemplation of personal bankruptcy. Mrs. Tuncay then quit-claimed her interest in the home to her father who assumed the obligation on the note.

Trial courts have broad discretion in dividing the marital estate in a divorce proceeding. *Kincaid v. Kincaid*, 912 S.W.2d 140, 143 (Tenn. App. 1995). Marital debt should be allocated in the same manner as marital assets and should be considered when making an equitable division of property. *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. App. 1996). The trial court should first separate individual debts from marital debts, *id*. (citing *Batson v. Batson*, 769 S.W.2d 849 (Tenn. App. 1988)), and then divide only the marital debts. *Mondelli v. Howard*, 780 S.W.2d 769, 773 (Tenn. App. 1989). Marital debts are those debts incurred during the marriage for the joint benefit of the parties. *Id.* When dividing marital debts, courts should consider the following factors: "(1) which party incurred the debt and the debt's purpose; (2) which party benefitted from incurring the debt; and (3) which party is best able to assume and repay the debt." *Id.* at 773. In the instant case, the trial court found the IRS tax liability to be a marital debt, stating in effect that although it resulted from Wife's substantial independent

3

income, both parties were equally guilty of devouring the wealth that could have bailed them out. The evidence does not preponderate against this finding and it will not be disturbed on appeal. Similarly, the court found that the enumerated credit card debts were marital debt as they were incurred to support the family, and/or to support Mr. Tuncay while he was working in Indiana to help sustain the family. The evidence does not preponderate against these findings, and the record indicates that the court properly considered the necessary factors. We hold that the trial court did not abuse its discretion in holding each party equally responsible for the IRS tax debt and the various credit card debts.

Appellant's issue number three involves the trial court's refusal to award appellant alimony beyond $5,000 in attorney fees. The trial court has broad discretion in determining whether to award alimony. *Loyd v. Loyd*, 860 S.W.2d 409, 412 (Tenn. App. 1993). In making this determination, the trial court must consider the factors listed in T.C.A. § 36-5-101(d)(1) (1996). Of these factors, need and ability to pay are the most critical. *Loyd*, 860 S.W.2d at 412.

Upon careful review of the record, we hold that the trial court did not abuse its discretion in refusing to award more than $5,000 alimony *in solido*. Although Mr. Tuncay's earned income is much greater than Wife's potential income as a school teacher, Wife has significant personal income-producing assets to rely upon. In addition, Mrs. Tuncay testified that her father would likely allow her and the children to continue to live rent-free in what was once the marital home.

The judgment of the trial court is affirmed. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**

4