VAN ADRIAN BARKER,                          )
                                            )       Sumner Chancery
        Plaintiff/Appellant,                )       No. 96D-72
                                            )
VS.                                         )
                                            )       Appeal No.
PATSY LOU (RANDOLPH) SLEDD BARKER,  )       01A01-9704-CH-00192
                                            )
        Defendant/Appellee.                 )

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

FILED

March 6, 1998

Cecil W. Crowson
Appellate Court Clerk

APPEAL FROM CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

HONORABLE TOM E. GRAY, JUDGE

Bryce c. Ruth, Jr.
3210 Highway 31W
P.O. Box 68
White House, TN 37188
ATTORNEY FOR PLAINTIFF/APPELLANT

William P. Jones
103 Bluegrass Commons Blvd.
P.O. Box 738
ATTORNEY FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED.**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

| VAN ADRIAN BARKER, | ) | |
|---|---|---|
| | ) | **Sumner Chancery** |
| Plaintiff/Appellant, | ) | **No. 96D-72** |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| PATSY LOU (RANDOLPH) SLEDD BARKER, | ) | **01A01-9704-CH-00192** |
| | ) | |
| Defendant/Appellee. | ) | |

# O P I N I O N

In this divorce case, the husband Van Adrian Barker has appealed from the judgment of the Trial Court declaring the parties to be divorced under TCA § 36-4-129, and dividing the marital estate. The appellant presents only the following issue:

> I. Whether the Chancellor erred in finding that the husband did not substantially contribute to the appreciation of the rental property owned by the wife, thereby denying the husband a share in that appreciation.

It appears that the only complaint of appellant is that the Trial Court failed to include in the marital estate the appreciation during the marriage of a rental house at 139 Gail Drive. This house was purchased by the wife in 1967 for $15,000.00, paying $1,100.00 cash and financing the remainder. The wife lived in the house until 1974, when she moved out and rented it to tenants. When the parties married in 1983, property was worth $48,000.00 and was rented for $300.00 per month and was encumbered by a $7,500.00 mortgage. In 1996, when the divorce suit was filed, the rent was $750.00 per month and was worth $82,000.00 subject to a mortgage of $23,500.00 imposed on the property in 1994 to satisfy various debts of the parties. No substantial improvements were made to the property during the marriage.

The evidence is controverted as to the contribution of the husband to the maintenance and preservation of the property. It is uncontroverted that the husband's work required extensive travel away from home. The husband insists and the wife denies that the husband helped with cleaning and maintenance.

During the marriage the parties resided in another house which the wife owned before the marriage and which the Trial Court included in the marital estate.

During the marriage the parties maintained a joint checking account in which all income of both parties, including the rent, was deposited, and from which all expenses of the parties, including expense of maintenance, mortgage, taxes and insurance on the rental house and residence were withdrawn.

Property owned separately by spouses before this marriage is not generally considered a part of the marital estate subject to division in a divorce proceeding. TCA § 36-4-121(a)(b)(2)(A), *Batson v. Batson*, Tenn. App. 1988, 769 S.W.2d 849. The income from separate property or increase in its value during the marriage may be considered a part of the marital estate if the Court determines that the non-owning spouse contributed substantially to its preservation and appreciation as a home maker, wage earner, parent, family financial manager or other similar contribution. TCA § 36-4-121(b)(1)(B) and (2).

No evidence is cited or found to justify a reversal of the finding of the Trial Judge that the husband did not substantially contribute to the preservation or improvement of the subject property.

The husband insists that material contribution to the family living expenses by a non-owning spouse is sufficient to entitle the non-owning spouse to participate in the income from or increase in value of the non-owned property. This principle was applied to the non-owned house used by the parties as their residence. The evidence accepted as credible by the Trial Judge does not support the application of this argument of the husband to the non-owned rental house.

The husband cites an unpublished authority which is distinguishable on the facts.

The determination of credibility by a Trial Judge is given great weight on appeal. *Town of Alamo v. Forcum-James Co.*, 205 Tenn. 478, 327 S.W.2d 47 (1959); *Barnhill v. Barnhill*, Tenn. App. 1991, 826 S.W.2d 443.

The judgment of the Trial Judge is affirmed. Costs of this appeal are taxed against the appellant and his surety. The cause is remanded to the Trial Court for further necessary proceedings.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE