# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

May 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

CHARLOTTE DIANA WINFREE,       )
                              )
    Plaintiff/Appellant,       )
                              )    Appeal No.
                              )    01-A-01-9805-CH-00264
VS.                           )
                              )    Warren Chancery
                              )    No. 6354
THOMAS SIDNEY WINFREE,         )
                              )
    Defendant/Appellee.        )

APPEALED FROM THE CHANCERY COURT OF WARREN COUNTY
AT MCMINNVILLE, TENNESSEE

THE HONORABLE CHARLES D. HASTON, JUDGE

H. THOMAS PARSONS
PARSONS & NICHOLS
101 West Main Street
Manchester, Tennessee 37355
    Attorney for Plaintiff/Appellant

MARGUERITE H. STEWART
CAMP & STEWART
111 West Court Square
McMinnville, Tennessee 37110
    Attorney for Defendant/Appellee

AFFIRMED AS MODIFIED
AND REMANDED

BEN H. CANTRELL
PRESIDING JUDGE, M.S.

CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

This is an appeal of the division of marital property in a divorce case. We modify the judgment of the trial court.

## I.

Charlotte Diana Winfree and Thomas Sidney Winfree married on August 28, 1982. They had two children, who were fourteen and twelve at the time of the divorce. Both parties had public employment; Mr. Winfree worked as a property appraiser for the State of Tennessee; Ms. Winfree taught school in the Warren County system. They separated in September of 1996.

Mr. Winfree owned a home at the time of the marriage. It sat on approximately three acres of land given to him by his parents. Shortly before the parties separated, Mr. Winfree's mother deeded another two acres to the parties jointly. At approximately the same time, Mr. Winfree converted the title to the home to a tenancy by the entireties.

In addition to his regular employment, Mr. Winfree also raised cattle on his mother's farm and on some rented acreage. In December of 1997 the parties announced to the court that they had agreed that the home be sold at auction and the net proceeds divided sixty-five percent to Mr. Winfree and thirty-five percent to Ms. Winfree. The proceeds of the cattle and equipment sale were to be divided equally. At the time of the final hearing, the parties had divided the proceeds from the house and the sale of some of the cattle and the farm equipment. Mr. Winfree got $72,150 from the house and $12,743 from the personal property. Ms. Winfree got $38,850 and $12,743 respectively.

The proof showed that Mr. Winfree had a 401(k) retirement account at the time of the marriage. Between the marriage and the divorce, the fund had grown

by $69,748.54.  Ms. Winfree earned a college degree during the marriage, began her teaching career, and had $8,746.00 in a retirement account.

Early in 1996, Mr. Winfree borrowed $20,000 from his 401(k) account to pay on the parties' credit card debt.  He was able to reduce the debt to approximately $2,000.  By the time of the separation, the debt had increased again, to approximately $20,000.  Ms. Winfree was chiefly responsible for these charges, although she contended that the purchases were primarily for family purposes.  Mr. Winfree still owed approximately $17,000 on his loan at the time of the hearing.  The trial judge ordered the parties to be responsible for their respective debts.

In addition to the property the parties had already divided, the trial judge ordered Mr. Winfree to pay Ms. Winfree $200 for a tool box Mr. Winfree removed from one of the trucks sold earlier, $1,500 as the value of five cows he retained, and $1,500 as one-half of the value of a front-end loader.  The decree also awarded a Lumina automobile to Ms. Winfree, but the debt exceeded the value of the car by $2,000.  Ms. Winfree also got the debt.  In order to equalize the property division, the trial judge ordered Mr. Winfree to pay Ms. Winfree $7,500 as her share of the increase in his 401(k) plan.

The final decree resulted in the following division of the marital property:

|  | Husband | Wife |
| --- | --- | --- |
| House | $ 72,150 | $ 38,850 |
| Personal Property | 12,743 | 12,743 |
| Retirement Accounts | 69,748 | 8,746 |
| Tool Box |  | 200 |
| Cattle |  | 1,500 |
| Front-end Loader | 1,500 | 1,500 |
| Debt | (17,000) | (20,000) |
| Lumina |  | (2,000) |
| Other Personal Property | -- | -- |
| Offsetting Payment | ( 7,500) | 7,500 |
| Total | $131,641 | $ 49,039 |

In fairness to Mr. Winfree we should point out that he owned the home before the marriage, and the parties agreed that he should get sixty-five percent of it. That agreement can be construed as assigning $33,300 of the home to Mr. Winfree

as his separate property. If we make that adjustment, and subtract that amount from his total, his share of the marital estate comes to $98,341 and Ms. Winfree's to $49,039.

## II.

Ms. Winfree argues on appeal that during the marriage Mr. Winfree paid a $25,000 pre-marital debt to his parents, that he had a certificate of deposit of $12,842.27 in a local bank, and that he retained furniture and household effects after the separation worth $18,000. She insists that all should have been accounted for in the division.

Mr. Winfree and his mother testified that the loan had been repaid prior to the marriage. Although Mr. Winfree admitted in his deposition that the loan was unpaid at the time of the marriage, he changed his testimony and the trial judge apparently accepted his explanation. Since this issue is primarily one of credibility, we accept the trial judge's resolution of the conflicting testimony. *Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47 (Tenn. 1959).

The same can be said for the certificate of deposit. The trial judge heard Mr. Winfree deny having a certificate of deposit and made a finding that it did not exist. Based on the record before us we cannot say that the evidence preponderates against that finding. *See* Rule 13(d), Tenn. R. App. Proc.

The final decree awarded each party the personal property they had in their possession at the time of the divorce. The record shows that Ms. Winfree took some of the household furniture and other goods when the parties separated. She estimated that what remained was worth $18,000. Mr. Winfree disputes that testimony. There is no proof of the value of what Ms. Winfree took. Therefore, we cannot say that the trial judge erred in leaving them where he found them on this issue.

Ms. Winfree also asserts that the proof showed that Mr. Winfree sold cattle in the months of October and November of 1996 and collected $5,556.98. The trial judge did not make any finding on that item. Mr. Winfree admitted the sales but asserted that he needed the money to pay expenses. He does not specify what expenses. In light of the fact that he was living in the marital home rent free and Ms. Winfree was having to pay rent at her new residence, we think she is entitled to have Mr. Winfree account for the money he collected.

Finally, Ms. Winfree asserts that she is entitled to one-half of the amount Mr. Winfree's retirement account increased during the marriage. She makes an error common to many divorce litigants by treating each asset individually when we are concerned with the equitable division of the overall marital estate. Tenn. Code Ann. § 36-4-121(c).

There are many factors that affect the division of the marital property. *See* Tenn. Code Ann. § 36-4-121(c). Included in the list are the duration of the marriage, the contribution of one party to the education, training or increased earning power of the other party, and the contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital property. In this case, Ms. Winfree earned a degree during the marriage and she has a history of living on credit. She insists that her debts should have been jointly shared, but we do not think the trial judge erred in concluding that the charges she made the last year of the marriage and after the separation could reasonably be assigned to her.

We are also aware that the final decree is silent about another $10,000 loan on the farm equipment Mr. Winfree will have to repay. But the $17,000 remaining on the 401(k) loan, he owes to himself. As he repays that loan with interest the balance in his retirement account will rise accordingly.

Taking all these factors into account, we think that Mr. Winfree should pay Ms. Winfree $25,000 instead of the $7,500 ordered by the trial judge. The division will then look like this:

|                      | Husband   | Wife     |
|----------------------|-----------|----------|
| House                | $38,850   | $38,850  |
| Personal Property    | 12,743    | 12,743   |
| Retirement Accounts  | 69,748    | 8,746    |
| Tool Box             |           | 200      |
| Cattle               |           | 1,500    |
| Front-end Loader     | 1,500     | 1,500    |
| Cattle Sold in 1996  | 5,557     |          |
| Debt                 | (17,000)  | (20,000) |
| Lumina               |           | ( 2,000) |
| Offsetting Payment   | (25,000)  | 25,000   |
| Total                | $86,398   | $66,539  |

The $25,000 payment is in addition to the payments already ordered by the trial judge ($200, $1500 and $1500) but no further payment is due for the cattle sold in October and November of 1996 since we have taken that sale into account.

The judgment of the court below is modified as indicated herein and as modified it is affirmed. Remand the case to the Chancery Court of Warren County for further proceedings. Tax the costs on appeal to Mr. Winfree.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
PATRICIA J. COTTRELL, JUDGE