IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2002 Session

## LEROY SMITH v. RONALD W. GOURLEY

**Appeal from the Chancery Court for Sumner County**
**No. 2000C-373     Tom E. Gray, Chancellor**

—————————

**No. M2002-00044-COA-R3-CV - Filed March 4, 2003**

—————————

The Chancery Court of Sumner County denied enforcement of a lease with an option to purchase. On appeal the lessee argues that the chancellor erred in refusing to allow a copy of the lease/option to be introduced into evidence after he testified that the original had been lost. We find that the chancellor refused to allow the lease/option into evidence because of a lack of trustworthy proof regarding its execution. Therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and ALLEN W. WALLACE, SP. J., joined.

Louis W. Oliver, III, Hendersonville, Tennessee, for the appellant, Ronald W. Gourley.

Bruce N. Oldham, Gallatin, Tennessee, for the appellee, Leroy Smith.

### OPINION

Leroy Smith, an eighty-nine-year-old man, owned a farm of approximately 135 acres near Hendersonville. As early as 1990, Ronald W. Gourley had tried to buy the farm, but Mr. Smith was not willing to sell it. On September 15, 1999, Mr. Smith and his sister leased the farm to Mr. Gourley. Mr. Gourley claims that Mr. Smith and his sister signed a five-year lease with an option to purchase for a sales price of $600,000. There are two copies in the technical record of a handwritten document signed by Mr. Gourley, in which he promises to use the farm for grazing cows and horses only, to keep the fences up and to hold Mr. Smith harmless for any injury on the farm or from straying cattle. One copy contains only the signature of Mr. Gourley. The other copy contains what looks like Mr. Smith's and his sister's signature from another document. Mr. Gourley, who took possession of all documents to copy them, had no explanation for how the two copies came to be different.

On October 28, 1999, Mr. Smith had his attorney write to Mr. Gourley, demanding an acknowledgment that the five-year lease was never executed and that the lease was for one year only. The letter stated that Mr. Smith did not wish to tie the property up for a long term because of his advanced age.

On December 6, 2000, Mr. Smith filed this action, alleging that the five-year lease with option to purchase was fraudulent and should be declared void and unenforceable. Mr. Gourley joined issue on Mr. Smith's claim and counterclaimed for enforcement of the agreement. At the trial, Mr. Gourley was unable to produce the original lease and he could not explain where or how it had been lost. The chancellor refused to allow a copy to be introduced into evidence. The court, therefore, held that the lease/option was void and unenforceable.

## II.

The parties fought this battle over the best evidence rule. The rule requires the production of the original writing to prove its content unless the original is shown to be unavailable for some reason other than serious fault of the proponent. *See* 29 Am.Jur.2d *Evidence* § 1049. Tennessee's version of the rule, along with its exceptions, has been adopted in Article X of the Tennessee Rules of Evidence. Rule 1002 adopts the rule, "except as otherwise provided in these rules or by act of Congress or the Tennessee Legislature." Rule 1003 allows a duplicate to be admitted, "unless a genuine question is raised as to the authenticity of the original." A duplicate is defined in Rule 1001 to include a copy made by any of the common means of reproduction. The courts have referred to such copies as "duplicate originals." *See State v. Chance*, 778 S.W.2d 457, 460 (Tenn. Cr. App. 1989). Rule 1004 covers the situation where neither an original nor a duplicate is offered. It allows other evidence of the content of the writing under the circumstances described in the rule.

But these rules assume that an authentic original exists, and the whole point of Mr. Smith's original complaint was to show that the five-year written lease was fraudulent and should be held void and unenforceable. As the court said in *Clariday v. State*, 552 S.W.2d 759, 766 (Tenn. Cr. App. 1976), "What is relevant is not the 'document' itself, but the fact that it was 'executed.'" On this point, "the law requires that the evidence offered to prove by parol the execution and the contents of a written instrument which is not produced shall be of the most satisfactory character, or what is known as clear, cogent and convincing evidence." *Pearson v. McCallum*, 173 S.W.2d 150, 158 (Tenn. Ct. App. 1941). "It is true that secondary evidence of the proper kind may be introduced to show that a document existed, and it is the province of the court to determine whether such document ever existed." *Hill v. Hill,* 403 S.W.2d 769, 777 (Tenn. Ct. App. 1965).

Although fought over the best evidence rule, we think the chancellor's decision clearly reflects his conclusion that the evidence failed to show that Mr. Smith actually executed the written lease purchase agreement. The chancellor's order says that on the question of the execution of the lease Mr. Gourley's testimony was not credible. On the other hand, Mr. Smith denied signing a long term lease, and the court thought he was a credible witness. On the credibility question, the court's

determination is entitled to great weight on appeal. *Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47 (Tenn. 1959).

We think the weight of the evidence supports the chancellor's conclusion. A realtor whose testimony the chancellor believed testified that he had tried to list the property six months before the lease to Mr. Gourley, and that he had told Mr. Smith that the property was worth $1,500,000 to $2,000,000. It is true that when shown a copy of the lease purchase agreement and asked if he signed it, Mr. Smith said, "Well it looked like my writing. I guess I did." But considering Mr. Smith's age and the fact that he was presented with the copy only, we do not think his admission removed any question about the authenticity of the original. If his signature had been transferred to the document from some other source without his consent, it would not be effective to bind him. The chancellor obviously thought this was a critical point. His order says, "The original of the alleged lease with option to purchase was in the possession of the Defendant. If the Court had the original, the Court could make some comparisons and determinations relative to the agreement."

The chancellor's decree is affirmed and the cause is remanded to the Chancery Court of Sumner County for further proceedings. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.