IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 13, 2000 Session

## SNEZENA VONKROSIGK v. RHETT RANKIN, ET AL.

**A Direct Appeal from the Circuit Court for Rutherford County**
**No. 41220      The Honorable Don Ash, Judge**

------

**No. M1999-02254-COA-R3-CV - Filed October 10, 2000**

------

Buyer in real estate sale contract contingent on obtaining the financing sued for return of earnest money after she failed to qualify for a loan to finance to purchase. The trial court found that buyer acted in good faith in attempting to secure financing and entered judgment for buyer. Sellers have appealed.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and PATRICIA J. COTTRELL, J., joined.

John W. Rodgers, Murfreesboro, For Appellants, Rhett Rankin and Jennifer Rankin

David Goad, Murfreesboro, For Appellee, Snezena Vonkrosigk

### OPINION

On October 30, 1997, plaintiff, Snezena Vonkrosigk (hereinafter "Ms. Vonkrosigk"), and defendants, Rhett and Jennifer Rankin (hereinafter "the Rankins"), entered into a written contract for the sale of the Rankins' home located at 1522 Amberwood Drive, Murfreesboro, Tennessee. The purchase price of the home was $105,000.00. The contract made the sale contingent upon Ms. Vonkrosigk obtaining 80% financing. Pursuant to the contract, Ms. Vonkrosigk paid the Rankins $5,000.00 in earnest money toward the purchase of the home, and the closing date was set for March 1, 1998. Despite her efforts, Ms. Vonkrosigk was unable to secure financing.

On September 16, 1998, Ms. Vonkrosigk filed a lawsuit in the General Sessions Court of Rutherford County seeking the return of the $5,000.00 in earnest money, attorney's fees, court costs, and private process fees. On January 19, 1999, the Rankins filed a counter-claim against Ms. Vonkrosigk for the recovery of attorney's fees and other damages in connection with an alleged fraud, misrepresentation and breach of contract for the sale of their home.

The case was heard in general sessions court on January 29, 1999. That court held in favor of the Rankins on the original claim by Ms. Vonkrosigk and in favor of Ms. Vonkrosigk on the Rankins' counter-claim. On February 8, 1999, Ms. Vonkrosigk appealed to the Circuit Court for Rutherford County. The judgment for Ms. Vonkrosigk on the Rankins' counter-claim was not appealed.

A non-jury trial was held in circuit court on October 5, 1999. Ms. Vonkrosigk testified to a monthly income of approximately $2,100.00 from two rental properties that she owned. At the time of entering the contract she had approximately $95,000.00 in cash from the sale of another property. Ms. Vonkrosigk further testified that Mr. Rankin requested that they wait until March of 1998 to close on the house so that he could avoid a capital gains tax. Ms. Vonkrosigk testified that when she inquired at a bank regarding a mortgage for the purchase of the house, she learned that it would take only two to three weeks to secure a mortgage, thus she waited until February of 1998 to apply for a loan. On February 3, 1998, Ms. Vonkrosigk applied for a loan from Sun Trust Bank and was turned down. Just prior to making her loan application, her financial circumstances changed due to a renter vacating one of her properties resulting in a loss of $1,200.00 in monthly income. Ms. Vonkrosigk testified that she attempted to reach the Rankins by telephone to negotiate alternative financing, but was told by Ms. Rankin that she was no longer married to Mr. Rankin, and that he was out of town and would contact her when he returned. Ms. Vonkrosigk did not hear from Mr. Rankin and made several unsuccessful attempts to contact him. When Ms. Vonkrosigk was finally able to contact Mr. Rankin, he would not discuss alternate financing, and he refused to return her earnest money.

Mr. Rankin testified that he received a telephone call from Ms. Vonkrosigk in January of 1998, in which she assured him that "she had been to First Bank and her monies and her financing were in order." He denies that he delayed the closing in order to avoid capital gain tax but admits the closing was set for March 1 by agreement.

Joey Allison, the loan officer for Sun Trust Bank who processed Ms. Vonkrosigk's application, testified on behalf of the Rankins. Mr. Allison testified to the bank's general policy in approving loans based on the applicant's debt to income ratio. He stated that the bank generally likes to see a debt ratio of no more than 36 % of an applicant's monthly income. According to Ms. Vonkrosigk's loan application, her debt ratio was 357 %. Even considering the $1,200.00 monthly income that Ms. Vonkrosigk lost while the contract was pending, her debt ratio remained high, at approximately 151 %. Mr. Allison informed Ms. Vonkrosigk at the time that she submitted her application that he had serious doubts that she would qualify.

The trial court found that a valid contract existed between the parties for the purchase of the Rankins' home, and that the contract was contingent upon Ms. Vonkrosigk obtaining 80 % financing. The trial court further found that Ms. Vonkrosigk acted in good faith in attempting to obtain financing. A judgment in the amount of $5,000.00 was entered in favor of Ms. Vonkrosigk. The Rankins appeal, raising one issue:

Whether the trial court erred in finding that Ms. VonKrosigk acted in good faith and with reasonable diligence in her attempt to secure mortgage financing for the purchase of the Rankins' home, thereby allowing her to recover earnest money in the amount of $5,000.00?

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. Tenn. R. App. P. 13(d).

The Rankins contend that Ms. Vonkrosigk should have known at the time of executing the contract that she could not qualify for the financing necessary to purchase the house, and that she concealed that inability from them. The Rankins further assert that Ms. Vonkrosigk waited over three months to apply for financing, and then only made one application, just 25 days before the closing date. The Rankins contend that considering Ms. Vonkrosigk's familiarity with business and real estate transactions, she should have known that she would not qualify for mortgage financing.

A condition precedent in the law of contracts may be a condition which must be performed before the agreement of the parties shall become a binding contract or it may be a condition which must be fulfilled before the duty to perform an existing contract arises. *Strickland v. City of Lawrenceberg,* 611 S.W.2d 832, 837 (Tenn. Ct. App. 1980). In a contract for the sale of real estate, where the buyer's obtaining financing is a condition precedent, the buyer has a duty to make a reasonable effort to obtain adequate financing. *Covington v. Robinson,* 723 S.W.2d 643, 646 (Tenn. Ct. App. 1986). In *Covington v. Robinson* the Court of Appeals affirmed the judgment of the trial court in its finding that the buyer failed to make a good faith effort to secure the financing needed to purchase property subject to the contract. *Id.* The *Covington* Court found that the evidence did not preponderate against the trial court's finding that the buyer failed to make a good faith effort to obtain financing.

The question of reasonableness of a buyer's effort to obtain adequate financing is a factual question. *Educational Placement Services, Inc. v. Watts,* 789 S.W.2d 902, 904 (Tenn. Ct. App. 1989). In order for buyers to obtain a refund of earnest money when a financing contingency is not met, the buyers must establish that they acted in good faith in attempts to obtain the financing. *See Hudson v. Head*, No. 03A01-9503-CH-00103, 1995 WL 555638 (Tenn. Ct. App. Sept. 21, 1995).

The trial judge as the trier of fact had the opportunity to observe the manner and demeanor of the parties and witnesses. The trial judge accredited the testimony of the plaintiff as to her actions and efforts in attempting to obtain the financing for the purchase of the property. The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of act, and the credibility accorded will be given great weight by the appellate court. *See Town of Alamo v. Forcum-James Co.*, 205 Tenn. 478, 327 S.W.2d 47 (1959); *Haverlah v. Memphis Aviation, Inc.*, 674 S.W.2d 297 (Tenn. Ct. App. 1984).

From our review of the record, we find that the evidence does not preponderate against the trial court's finding that Ms. Vonkrosigk acted in good faith in her efforts to obtain financing for the purchase of the real estate.

Accordingly, the judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed to Rhett Rankin, Jennifer Rankin, and their surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.