IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
AUGUST 28, 2000 Session

# IN RE: PETITION OF JOHN T. WEATHERFORD, ET AL. v. BRENDA WEATHERFORD, ET AL.

**Direct Appeal from the Chancery Court for Benton County**
**No. 8960;     The Honorable Ron E. Harmon, Chancellor**

---

**No. W1999-01014-COA-R3-CV - Filed December 29, 2000**

---

Darrin Sheffield appeals the trial court's judgment terminating his parental rights to his minor son, Tyler Lee Weatherford. We affirm the trial court's judgment based on our conclusion that the record contains clear and convincing evidence to support the court's findings that Mr. Sheffield abandoned Tyler and that termination of Mr. Sheffield's parental rights was in Tyler's best interest.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and DAVID R. FARMER, J., joined.

Carrie W. Kersh, Clarksville, for Appellant Darrin Sheffield

Phillip G. Hollis, Camden, for Appellees

## OPINION

### Facts and Procedural History

This case involves the termination of the parental rights of Brenda Weatherford and Darrin Sheffield and the adoption of Tyler Lee Weatherford by John and Gray Hope Weatherford.

The child at issue, Tyler Lee Weatherford, was born on December 23, 1991. The Appellant, Darrin Sheffield, is the biological father of Tyler. Brenda Weatherford is Tyler's biological mother. Darrin Sheffield and Brenda Weatherford were never married. Mr. Sheffield knew that Brenda Weatherford was carrying his child, as she told him in the summer of 1991 while she was still pregnant that the child was his. Notwithstanding Mr. Sheffield's knowledge that the child was his, he waited over four years before he filed with the putative father's registry on April 23, 1996.

The Appellee, John Thomas Weatherford, is the father of John Weatherford, Jr., who was married to Brenda Weatherford at the time Tyler was born. John Weatherford, Jr. passed away in 1994 at the age of 26. When the petition for adoption was filed by Mr. and Mrs. John Weatherford, they believed that they were the paternal grandparents of Tyler.

On April 5, 1995, while Tyler was living with his mother, the Juvenile Court found that Tyler was dependent and neglected, and temporary custody of Tyler was given to the Appellee, Tommy Weatherford. Brenda Weatherford signed the order giving custody to Tommy Weatherford.[1]

When Tyler was born, as well as at the time the petition for adoption was filed, Mr. Sheffield was in prison. Moreover, Mr. Sheffield was in and out of prison for most of Tyler's early years, and Mr. Sheffield remains on parole until 2003. Mr. Sheffield claims that he paid child support to Tyler's mother on a weekly basis and visited Tyler regularly when he was out of prison. The trial court, however, found that there was no evidence of any support, and that any visitation by Mr. Sheffield was token and sporadic.

Tyler has been in counseling with Ms. Julia Austin, a licensed clinical social worker, since May 22, 1995. Ms. Austin testified that Tyler Weatherford does not know that Mr. Sheffield is his biological father; he thinks that his father was killed in a car accident. Moreover, another licensed clinical social worker, Ms. Penny Snow, testified at trial that Tyler does not consider Mr. Sheffield as part of his family. Both Ms. Austin and Ms. Snow testified that it is in the best interest of Tyler Lee Weatherford that the adoption be granted. Additionally, Clyde W. Watson, a member of the Benton County Bar and Juvenile Judge, served as guardian ad litem for Tyler Lee Weatherford. Mr. Watson testified that it is in Tyler's best interest for the parental rights of the natural parents to be terminated and for the adoption to be granted.

The trial court terminated the parental rights of Brenda Weatherford and Darrin Sheffield. In addition, the trial court granted the adoption of Tyler Lee Weatherford to Mr. and Mrs. John Thomas Weatherford. The Appellant, Darrin Sheffield, appeals this decision from the trial court and presents three issues for our review. The issues presented, as stated in the Appellant's brief, are as follows:

I.      Whether the Respondent's procedural due process rights were violated by the trial court's failure to dismiss the petition for adoption pursuant to the rule 12.02(6) motion filed by the respondent.

II.     Whether the trial court erred by finding by clear and convincing evidence that the grounds for termination of parental rights had been proven.

III.    Whether the trial court erred by finding that termination of the respondent's parental rights was in the best interest of the child.

---

[1] Brenda Weatherford did not appeal the decision of the trial court. Thus, the termination of her parental rights is not an issue in the present appeal.

We will consider each issue in turn.

## Standard of Review

Parents have a fundamental right to the care, custody and control of their children. See Stanley v. Illinois, 405 U.S. 645 , 651 (1972). However, this right is not absolute, and parental rights may be terminated upon a finding by the court by clear and convincing evidence that the grounds for termination of parental rights have been established and that termination is in the best interests of the child. Tenn. Code Ann. § 36-1-113(c). Clear and convincing evidence is evidence which eliminates any serious or substantial doubt concerning the correctness of the conclusion to be drawn from the evidence. See Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n. 3 (Tenn. 1992).

The standard of review on appeal is *de novo* upon the record with a presumption of correctness of the trial court's findings of fact unless the preponderance of evidence is otherwise. Conclusions of law are reviewed *de novo* with no presumption of correctness. TENN. R. APP. P. 13(d).

## Law and Analysis

First, the Appellant cites error in the trial court's failure to dismiss the petition for adoption pursuant to his Rule 12.02(6) motion.[2] The Appellant argues in his brief that neither the petition for adoption nor the amended petition alleged any grounds for termination of his parental rights. The Appellant argues that the petition merely alleged that it was in the best interest of the child that the parental rights of the natural parents be terminated. The Appellant further argues that section 36-1-113(d)(2)(D) of the Tennessee Code[3] requires the complaint to state grounds for the termination of one's parental rights.

Rule 15.02 of the Tennessee Rules of Civil Procedure states, in pertinent part, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." TENN. R. CIV. P. 15.02. We note that, in his opening statement to the court below, counsel for the Appellees stated the following:

> It is our position basically that because of the enactment of the new adoption statutes in Tennessee, which were effective on January the 1ˢᵗ, 1996, that *Tyler Lee Weatherford basically had been abandoned*,

---

[2] Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: . . . (6) failure to state a claim upon which relief can be granted. TENN. R. CIV. P. 12.02(6).

[3] The petition, or allegations in the adoption petition, shall state: . . . [a]ny other facts which allege the basis for termination of parental rights and which bring the child and parties within the jurisdiction of the court. Tenn. Code Ann. § 36-1-113(d)(2)(D) (1999 Supp.).

> that ***Tyler Lee Weatherford had been abandoned for some period of time*** and that basically ***on the basis of the abandonment that the parental rights of the parents ought to be terminated*** and the adoption ought to be granted.

(emphasis added).

Moreover, Mr. Sheffield himself testified on the issue of abandonment. Mr. Sheffield stated at trial,

> this child was born Tyler Lee Weatherford. I can't even explain why he was named Tyler Lee Weatherford because I wasn't there. There's a lot of times in my children's lives that I should have been there and I wasn't. . . It hurt me really bad because, you know, because of my stupidity I was in prison and my children were left out here to defend their selves.

We find that, although abandonment was not specifically mentioned in either the complaint or the amended complaint, due to the portion of the opening statement by Appellees' counsel and the testimony of Mr. Sheffield quoted above, the issue of abandonment was tried by the implied consent of Mr. Sheffield pursuant to Rule 15.02 of the Tennessee Rules of Civil Procedure since Mr. Sheffield did not object to abandonment as being outside of the pleadings. As a result, this issue is without merit.

Next, the Appellant argues that the trial court erred in finding by clear and convincing evidence that the grounds for termination of parental rights had been proven. Specifically, the Appellant argues that the finding that Mr. Sheffield abandoned his child is not supported by clear and convincing evidence. Section 36-1-102 of the Tennessee Code defines abandonment. Section 36-1-102(1)(A)(iv) states the following, as one of the grounds for abandonment:

> A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either has willfully failed to visit or has willfully failed to support or make reasonable payments toward the support of the child for four (4) consecutive months immediately preceding such parent's or guardian's incarceration, or the parent or guardian has engaged in conduct prior to incarceration which exhibits a wanton disregard for the welfare of the child.

Tenn. Code Ann. § 36-1-102(1)(A)(iv) (Supp. 1999).
There is no question that Mr. Sheffield was incarcerated at the time of the institution of the action to terminate his parental rights. However, the Appellant takes issue with the trial court's finding that he either willfully failed to visit or willfully failed to support Tyler for four consecutive months

immediately preceding his incarceration. The Appellant points to his own testimony in which he stated that he had his children every weekend. Moreover, the Appellant points to the testimony of Brenda Weatherford, Tyler's biological mother, in which she stated that Mr. Sheffield picked Tyler up on weekends and paid child support "when he could." There was no documentary evidence of child support, and the trial judge did not find the testimony of Darrin Sheffield or Brenda Weatherford to be credible. The trial judge, in his order of judgment, stated that, "[i]t is the opinion of the Court that Mr. Darren Sheffield is not a truthful witness and his testimony is unreliable. He has never been a father to anyone, except in the strictly biological sense." We think the trial judge had good reason to discredit the testimony of Darren Sheffield, as Mr. Sheffield had curiously neglected to disclose his misdemeanor convictions in responding to interrogatories. The trial judge, in his order of judgment, stated, "[h]e [Mr. Sheffield] admitted that he had been untruthful in responding to interrogatories relating to his criminal record and had failed to disclose other convictions of record, while claiming to furnish a correct version to his then counsel, Mr. Hawley."

In this nonjury case, the trial judge as the trier of fact had the opportunity to observe the manner and demeanor of the witnesses, including Darren Sheffield, as they testified from the witness stand. The weight, faith, and credit to be given to any witness's testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. See Town of Alamo v. Forcum-James Co., 327 S.W.2d 47, 49 (1959); Sisk v. Valley Forge Ins. Co., 640 S.W.2d 844, 849 (Tenn. Ct. App. 1982). Due to the great deference that must be given to the trial court regarding issues depending on witness credibility, we find that evidence of abandonment was proven by clear and convincing evidence. Therefore, this issue is also without merit.[4]

Finally, the Appellant argues that the trial court erred by finding that termination of Mr. Sheffield's parental rights was in the best interest of the child pursuant to section 36-1-113(i) of the Tennessee Code. We simply cannot agree. The evidence presented by two licensed clinical social workers as well as the testimony of the guardian ad litem clearly reinforces the decision of the trial judge that the termination of Mr. Sheffield's parental rights is in the best interest of Tyler Lee Weatherford.

---

[4] The Appellant also cites as error the finding of the trial court that Mr. Sheffield was and is under a sentence of ten or more years as a basis for termination of his parental rights as an incorrect application of section 36-1-113(g)(6) of the Tennessee Code. Due to our finding above, that the grounds for abandonment were proven by clear and convincing evidence, we decline to address this issue, as only one bases for termination must be proven. See In the Matter of B.B., No. M1999-00643-COA-R3-CV, 2000 WL 794360, at *4 (Tenn. Ct. App. Jun. 20, 2000); Tenn. Code Ann. § 36-1-113(c)(2) (Supp. 1999).

## Conclusion

For the aforementioned reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Darrin Sheffield, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE