# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief August 28, 2002

## HGI ASSOCIATES, INC. v. MACTRONICS, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003845-00     John R. McCarroll, Judge**

-------

**No. W2002-00011-COA-R3-CV - Filed November 15, 2002**

-------

Plaintiff was awarded a judgment for breach of contract and incidental damages in the amount of $18,356.  The breach occurred when Defendant (Seller) was unable to deliver 500 computers which Plaintiff (Buyer) had contracted to purchase.  Plaintiff appeals contending that the damages awarded by the trial court were inadequate.  We affirm.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

William A. Cohn, Cordova, Tennessee, for the appellant, HGI Associates, Inc.

Rex L. Brasher, Jr., Memphis, Tennessee, for the appellee, Mactronics, Inc.,

### OPINION

The plaintiff, HGI Associates, Inc. (HGI) entered into a contract to purchase 500 computers from defendant Mactronics, Inc.[1] at $320 each.  HGI had a contract to sell the computers to its customer for $355 each.  Mactronics was unable to deliver due to the fact that it was unable to obtain delivery from its seller.

Being dissatisfied with the judgment awarded following a bench trial, HGI appeals to this Court and presents its issues as follows:

1.     Whether the trial court erred in awarding the difference in the purchase price and the price of the proposed sale by the plaintiff to a prospective buyer in

-------

[1]Plaintiff sued other defendants but the remaining defendants, except Mactronics, Inc., were non-suited.

lieu of the mandated damages pursuant to T.C.A. § 47-2-713 of the difference between the purchase price and the market value.

2.      Whether the trial court inappropriately excluded certain incidental and consequential expenses from the judgment.

Our review of this matter is *de novo* upon the record with the presumption that the trial court's findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Our review of questions of law is *de novo* with no presumption of correctness given to the lower court's judgments. *See Nelson v. Wal-mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999). The findings of the trial court which are dependent upon determining the credibility of witnesses are entitled to great weight on appeal. *See Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47, 49 (Tenn. 1959). The trial court has the opportunity to observe the witnesses and to assess their demeanor. Therefore, this court will not reevaluate a trial court's assessment of a witnesses credibility in the absence of clear and convincing evidence to the contrary. *See Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999).

HGI first argues that the trial court failed to award the proper measure of damages as set forth in T.C.A. § 47-2-713 which provides as follows:

> **Buyer's damages for nondelivery or repudiation.** – (1) Subject to the provisions of this chapter with respect to proof of market price (§ 47-2-723), the measure of damages for nondelivery or repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages provided in this chapter (§ 47-2-715), but less expenses saved in consequence of the seller's breach.
> (2) Market price is to be determined as of the place for tender or, in cases of rejection after arrival or revocation of acceptance, as of the place of arrival.

Tenn. Code Ann. § 47-2-713 (2001).

The trial court awarded Plaintiff a judgment in the amount of $18,356. This was based on the difference between the purchase price of $320 and the price of the proposed sale which the Plaintiff had arranged with its prospective buyer of $355 per computer, a difference of $35 per unit times 500 units for a total of $17,500. In addition, Plaintiff was awarded $800 for travel expenses and $56 in expenses incurred in a wire transfer fee. It is Plaintiff's contention that the evidence supports a market price of $400 per unit which would result in damages of $80 per unit or $40,000.

Ron Schwartz, president of HGI, testified that he arrived in Memphis on Tuesday, January 20, 2000, to inspect the units. Had the units passed his inspection, he would have made arrangements to ship the units to HGI's customer. However, when he arrived he was advised by David Neese, representative of Mactronics, that the units had not arrived from Mactronics' seller. Mr. Neese made several phone calls to Mactronic's seller to no avail. Mr. Schwartz testified that

he realized the following Thursday that the units were not going to be there. As a result of this nondelivery, HGI refunded its buyer $177,500 (500 units times $355).

As set forth in the statute, the measure of damages for nondelivery by seller is the difference between the market price at the time that the buyer learned of the breach and the contract price together with any incidental and consequential damages. Market price is to be determined as of the place for tender. Tenn. Code Ann. § 47-2-713 (2001). The key issue is when did the plaintiff know that the contract had been breached. *See Hurt v. Earnhart*, 539 S.W.2d 133, 137 (Tenn. Ct. App. 1976).

Our review of this record indicates that Plaintiff did not present evidence of a market price other than the price of $355 per unit as determined by the trial court. The only witnesses to testify were Mr. Schwartz and two representatives of the Defendant. Mr. Schwartz testified that he did not remember what the market price was at the time of the breach. He also testified that he attempted to find replacement units in order to be able to fulfill the contract with HGI's buyer, but was unable to do so. Therefore, to support its theory, Plaintiff relies upon the testimony of Defendant's witnesses. David Neese, sales agent manager for Mactronics, was cross-examined from his deposition.[2] Mr. Neese was asked if he was able to find replacement computers at the contract price and he replied that he was not. He stated, "[t]o be honest, we couldn't find the quantity. Nobody had the product we needed or if somebody had them, they were probably over $400." Mr. Mike Sam,[3] president of Mactronics, testified

[w]ell, we gaged our price at what to sell it in the market for. We gaged it based on what we saw in the market that the product was selling for. Now, - - just to define market, there are different definitions. A broker market, like, with what Ron and I were dealing in, the price would be similar between 340 to 350 to get easily.

In a market where, I would just have to go ahead and buy it immediately from a - - what I would call a small retail shop or something that sells used - - would probably be somewhere in the vicinity of $400 to $425.

The trial court determined that the market price at the time the buyer learned of the breach was $355, the price per unit at which HGI had contracted to sell to its buyer. We do not find the evidence to preponderate against this finding by the trial court.

HGI further contends that the trial court erred in failing to award it the additional sum of $95,505 for loss of business for a period of 15 months following this failed transaction. Mr. Schwartz testified that the transaction upon which HGI defaulted as a result of nondelivery by

---

[2]The record before us does not contain depositions. However, there does not appear to be any dispute between the parties that questions and answers contained in the transcript are accurate portrayals of the depositions.

[3]Mr. Sam testified that his actual name is Sina Sanad-Zadah.

Mactronics resulted in that customer not doing business with HGI for some 15 months following HGI's breach on its contract to resell the computers. He testified as to profits his firm had realized from sales to that customer prior to this breach and extrapolated that similar profits would have been realized had the customer done business with HGI in the interim 15 months. However, Mr. Schwartz also testified that he did not have any other contracts with that customer at that time which were cancelled. There was no testimony from that customer as to why they did not do business with HGI for that 15 month period. We believe that this basis for damage is speculative and find that the trial court did not err in failing to award additional damages.

Based upon our review of this record, we do not find the evidence to preponderate against the trial court's findings and the judgment entered below is affirmed. Costs of this appeal are taxed to HGI Associates, Inc., and its surety.

_____
DAVID R. FARMER, JUDGE

-4-