**Addie ATKINS and Tommy Atkins,
Plaintiffs-Appellants,**

v.

**CITY FINANCE COMPANY,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section,
at Jackson.

July 31, 1984.

Application for Permission to
Appeal Denied by Supreme Court
Oct. 29, 1984.

Lewis K. Garrison, Memphis, for plaintiffs-appellants.

Jerry O. Potter and Robert Mark Field, Memphis, for defendant-appellee.

NEARN, Presiding Judge, Western Section.

This is a "slip and fall" case in which the Trial Judge directed a verdict at the close of all the proof. Plaintiffs are Addie Atkins, who fell, and her husband, who sued

in a derivative action for loss of consortium, etc. Plaintiffs appeal.

▮ The only issue is whether there is any material evidence in the record that would present a jury issue as to defendant's alleged liability. In reviewing the issue on appeal, our duty is the same as that of the Trial Judge, that is, we "must take the strongest legitimate view of the evidence in favor of the plaintiff, indulging in all reasonable inferences in his favor, and disregarding any evidence to the contrary. The trial judge's action may be sustained only if there is no material evidence in the record that would support a verdict for the plaintiff, under any of the theories that he has advanced." *Cecil vs. Hardin*, (1978 Tenn.) 575 S.W.2d 268 at 270.

If no such evidence is found, the Trial Judge was correct in his action and we must affirm.

The plaintiff testified that she went to the defendant's business on the day of the accident, accompanied by her husband, to pay off an account. As she entered the business, she approached the counter where the payments were received. It is undisputed that no one but the plaintiff's husband was on the same side of the counter as she was. She testified that she transacted all of her business there, got a receipt, turned to leave and as she did, her foot got caught on a plastic runner that was on the floor and she fell, sustaining injuries. She testified that she had noticed the plastic runner when she entered the building, but apparently noticed nothing odd about it. Her husband's testimony corroborates the plaintiff's in that he did not notice anything odd about the runner prior to the accident, but did notice that it was turned up three to four inches when her foot got caught on it.

The defendant's witnesses testified that the plaintiff came into the business, but did not stay at the counter; that she had to go to a booth behind the counter to transact her business and that when she was leaving, she took three to four steps away from the counter area and seemed to collapse.

There was some dispute over the exact position of the runner in relation to the counter and the door. Plaintiffs' proof contends it to be in one position and defendant's in another. We deem such dispute to be immaterial in view of the fact that the plaintiff saw it wherever it was exactly located before she fell.

▮ Viewing the proof in the manner required by *Cecil vs. Hardin, supra*, we find that a jury could find that at the time plaintiff caught her foot in the runner it was turned up three to four inches. However, such finding will not permit plaintiff a recovery. An essential element of plaintiff's proof is missing. When a plaintiff is suing a business for personal injuries caused by a defective condition on the business premises, the plaintiff must prove that the defendant created the condition or had or should have had notice of the defective condition that caused the injury and such fact can be shown by circumstantial evidence. *Stringer vs. Cooper*, (1972 Tenn. App.W.S.) 486 S.W.2d 751.

▮ The plaintiff in the case at bar has made no showing at all that the defendant had or should have had notice of the defective condition. There was no showing that the defendant caused the defective condition. There was no proof of circumstances that would put defendant on notice of the condition that allegedly caused plaintiff's injuries. A store owner is not an insurer and does not insure a customer against injury caused by conditions created by others of which he has no notice or has not had a reasonable time to discover. *McCormick vs. Waters*, (1980 Tenn.) 594 S.W.2d 385.

Therefore, we must affirm the Trial Court's action in directing the verdict for the defendant. Costs of this appeal are assessed against the appellants.

Done in Jackson in the two hundred and ninth year of our Independence and in the one hundred and eighty-ninth year of our Statehood.

HIGHERS, J. and McLEMORE, Special Judge, concur.