Naomi BYRD, Plaintiff–Appellant,

v.

STATE of Tennessee, Defendant–
Appellee.

Court of Appeals of Tennessee,
Eastern Section.

May 23, 1995.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 28, 1995.

Janette Lay Taylor of Wilson & Taylor,
Oneida, for appellant.

Charles W. Burson, Attorney General and
Reporter, and Mark A. Hudson, Assistant
Attorney General, Nashville, for appellee.

## OPINION

SUSANO, Judge.

The plaintiff below was injured when she
accidentally stepped in a hole at Cove Lake
State Park (Park), a public park in Campbell
County owned and maintained by the State,
while attending a State-hosted event. The
plaintiff filed a complaint against the State
alleging negligent creation and/or mainte-
nance of a hazardous condition at the Park.
After a hearing, the Eastern Division Com-
missioner of the Tennessee Claims Commis-
sion determined that the State was not liable
to the plaintiff and dismissed her complaint.
She appeals, posing one issue, which we take
verbatim from her brief:

Is the State liable for failure to protect
against a dangerous condition existing on
its premises, in a location where there was

a lot of pedestrian traffic during an annual event hosted by the state park, when the employees testified that they did not know of the existence of the dangerous condition?

## I

On the evening of December 5, 1988, the plaintiff and her daughter went to the Park to attend an event known as the "Christmas in the Park" celebration. This nighttime event featured a bonfire and the lighting of the Park's Christmas tree. The trails to the tree lighting ceremony were illuminated by candles placed in bags. After the event was over, the plaintiff was walking back to her car along a narrow roadway when cars approached and she "had to move over off the blacktop" and onto the shoulder, as there was no sidewalk. The plaintiff, who was approximately 67 years old at the time, testified that "all of a sudden I just fell" as her left foot went into a deep hole. The hole was located approximately three feet off the roadway, and was about ten inches in diameter and deep enough so that her left leg went into the hole to a point "about three inches above the knee." After struggling to get out of the hole, the plaintiff marked the hole with one of the candle bags to protect others and then walked to her car. As a result of stepping in the hole, the plaintiff injured her Achilles tendon, tore cartilage in her right knee, and later underwent surgery in an effort to repair the damage.

At a hearing before Commissioner Michael S. Lacy, the Park's manager testified that his staff members make routine inspections of the Park's facilities, including the roadways and driveways. He stated that he had never noticed the hole in question and that no member of his staff had dug such a hole or ever reported the existence of such a hole to him. The State also called the Park's safety and security officer, who testified that although she often drove through the area where the plaintiff was injured, she had never noticed any hole nor had she been notified of one by other employees. Finally, the State called the Park's maintenance supervisor, who testified that he had never noticed a hole in that particular location and had not been informed of such a hole by any of the other maintenance workers or rangers. He further stated that although an old fence had been removed from near the road in question around 1975, he did not believe that any of the fence posts were located at the site of the hole.

## II

This is a direct appeal from the Tennessee Claims Commission and is governed by the Tennessee Rules of Appellate Procedure. T.C.A. § 9–8–403(a)(1). Since this case, like all proceedings before the Commission, was heard without a jury, we review the Commissioner's decision *de novo* upon the record of the Commission with a presumption of correctness of the findings of fact by the Commissioner, unless the evidence preponderates otherwise. Tenn.R.App.P. 13(d).

T.C.A. § 9–8–307(a)(1)(C) specifies that the Claims Commission has exclusive jurisdiction to determine all monetary claims against the State arising from "[n]egligently created or maintained dangerous conditions on state controlled real property." The statute further specifies that parties suing under this subsection "must establish the foreseeability of the risks and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures; ..." T.C.A. § 9–8–307(a)(1)(C). Finally, the statute specifies that the State's liability "shall be based on the traditional tort concepts of duty and the reasonably prudent person's standard of care." T.C.A. § 9–8–307(c). The purpose of this statute is to ensure that the State will not be held liable unless the circumstances are such that a private individual in the State's place would also be liable. *See* T.C.A. § 9–8–307(d); *Sanders v. State*, 783 S.W.2d 948, 951 (Tenn.App.1989).

To prevail in a suit for negligence, a plaintiff must prove a duty of care owed by the defendant to the plaintiff; conduct falling below the applicable standard of care amounting to a breach of that duty; injury; causation in fact; and proximate causation. *Bradshaw v. Daniel*, 854 S.W.2d 865, 869 (Tenn.1993). In the case at bar, the State owed the plaintiff a duty of reasonable care

while she was visiting the Park, and she has clearly shown an injury. However, she did not introduce any evidence that the State had actual or constructive notice of the dangerous condition. Notice, actual or constructive, of the dangerous condition is an essential element of a premises liability case. *Sanders* at 951–52. The plaintiff is unable to point to any evidence tending to indicate that the State had caused the hole to exist, knew that it existed, or had constructive notice of its existence.

The plaintiff emphasizes a landowner's obligation under the holding of *Sanders* to exercise ordinary care and diligence in maintaining its properties in a safe condition for visitors, and argues in her brief that "park employees had sufficient and numerous opportunities to inspect this area since they were frequently in the area" and knew when and where the public was most likely to walk. The proof before the Commissioner demonstrates that safety inspections of the Park were routinely made. The plaintiff has failed to show that the hole existed for a sufficient period of time "for the state to have taken appropriate measures." *See* T.C.A. § 9–8–307(a)(1)(C).

The State is not an insurer of those who enter upon its facilities. *See Atkins v. City Finance Co.,* 683 S.W.2d 331, 332 (Tenn. App.1984); *Paradiso v. Kroger Co.,* 499 S.W.2d 78, 79 (Tenn.App.1973).

The evidence does not preponderate against the Commissioner's finding that the State had no notice, actual or constructive, of the condition that caused the plaintiff's injuries.

The judgment of the Commissioner is affirmed, and this cause is remanded to the Commission for such further action as may be appropriate, consistent with this opinion. The costs of this appeal are taxed against the appellant and her surety.

GODDARD, P.J., and FRANKS, J., concur.