IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 10, 2003 Session

## HELEN CORNELL v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission**
**No. 99000640    Hon. Vance W. Cheek, Jr., Judge**

**FILED APRIL 23, 2003**

**No. E2002-02173-COA-R3-CV**

Plaintiff's claim for injuries sustained from falling in hole in state park was dismissed by Commissioner. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Tennessee Claims Commission Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Helen Loftin Cornell, Nashville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Mary M. Bers, Senior Counsel, Nashville, Tennessee, for Appellee.

## OPINION

This is an action for damages against the State for injuries sustained when plaintiff stepped into a hole along a roadway in Standing Stone State Park. After hearing evidence, the Trial Court dismissed the claim and plaintiff has appealed. The issues presented for review are:

> 1.      Whether the lower court improperly excluded the testimony of Appellant's witness?

2.      Whether the lower court erred in refusing to admit a deed to the subject property?

3.      Whether the evidence preponderates against the judgment?

4.      Whether the lower court abused his discretion in denying Appellant's Motion to Amend her complaint and Motions for Sanctions against Defendant for non-compliance with the rules of discovery.

Appellant rented a cabin for the week-end of November 6-9, 1997 at Standing Stone State Park. There is a walking trail from the cabin area to the Fisk House which Appellant and her friend elected to visit. However, they walked to the Fisk House by way of Hilham Road, which is the main through road running through the Park. On their return trip from the house, they encountered a winding section of the road where they said the cars were speeding at 50-60 mph. Appellant stepped off the road onto the shoulder in order to avoid the busy traffic, and testified that she walked onto a thick mat of leaves and did not see a deep hole which she stepped in and sustained injuries.

The following day, appellant returned to the accident site and took pictures and she concluded that it "appeared to be a post-hole." At trial, her friend, Mr. Hambrick testified that he had dug fence post holes and that there "appeared to be there was a fence there once upon a time." He recalled that in 1958, at the age of 11, he took a trip with his grandfather and traveled Hilham road. They stopped at this location to admire the view, and he remembered that there was a fence there in 1958, but could not place its precise location. He further testified that on the day of plaintiff's accident, he told appellant when they stepped off the road, "let's be careful because there was a fence there", but he then testified after the fall he said "I should have told you there was a fence there." The Trial Judge cautioned the witness about his oath and the accuracy of his testimony and then questioned him closely about his inconsistent statements.

It is appellant's theory that the State had actual and constructive notice of the hole, in that the property was agricultural land before the park was developed. She argues that "of course there were lots of fences." She further asserts that it is "obvious that the State removed the fence and didn't fill in the holes." The park manager and park ranger in charge of safety and security testified that they had never had an accident, found a hole or been notified of a hole at the area of appellant's accident. At the request of the Attorney General, a ranger went to look for the hole sometime in May 1998, using a long cedar pole. The first time he could not find anything after searching the area. On the second attempt he found the hole and filled it with rocks and gravel. The manager and ranger testified that they never found any additional holes, despite a thorough search of the area. At the conclusion of the proof, the Trial Court ruled that he found no evidence of the existence of a fence in the area in question, and no evidence of actual or constructive notice of a dangerous condition. The Court said that Mr. Hambrick was not a credible witness and that he had not been forthright in his testimony. The Court said that he gave no weight to Mr. Hambrick's testimony. At that point the appellant moved the Court for sanctions against the State for failing to produce certain

photographs it had taken and did not divulge during discovery. The Judge found for the defendant on all issues.

Our scope of review in non-jury matters is *de novo* upon the record, with a presumption of correctness of the lower court's factual determinations. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville,* 898 S.W.2d 177, 181 (Tenn. 1995). Questions of law are reviewed *de novo* with no presumption of correctness. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

Appellant argues the Trial Court improperly excluded the testimony of her witness, Carey Hambrick, but this argument misperceives the distinction between admission of evidence and its weight and credibility. Mr. Hambrick testified fully and at length, and there was no objection to the admissibility of his testimony, nor any motions to exclude.

The Trial Judge's finding with respect to credibility of witnesses is entitled to great weight on appeal, because the Judge saw and heard the witness. *Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47 (Tenn. 1959). No convincing evidence appears in the record to warrant a reversal or a remand on this issue. The trier of fact is free to believe or disbelieve all or part or none of a witnesses's testimony, even where the testimony is uncontradicted or is not directly impeached. *Blackmon v. Estate of Wilson*, 709 S.W.2d 596, 603 (Tenn. Ct. App. 1986). Moreover, evidence does not become "inadmissible" merely because the trier of fact finds that other evidence preponderates against it. *Roberts v. Chase,* 166 S.W.2d 641, 649 (Tenn. Ct. App. 1942).

Hambrick's testimony was not excluded, it was carefully scrutinized, and the Trial Court simply did not believe the witness. We find this issue to be without merit.

The lower Court denied admission of a document purporting to be the deed wherein the State acquired the subject property from numerous grantors. Appellant's reliance upon Tenn. R. Evid. 902(1), pertaining to public documents held under seal, is erroneous. Appellant sought to introduce the deed through a witness who could not identify it, and the document had not been certified pursuant to the procedure in Tenn. R. Evid. 902(4) for self-authentication. The Trial Court has wide discretion in the admission of evidence. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222 (Tenn. Ct. App. 1999). We find this issue to be without merit.

Governmental immunity for negligence is removed "for any injury caused by a defective, unsafe, or dangerous condition of any street, outlet, sidewalk or highway, on and controlled by such governmental entity. Tenn. Code Ann. § 29-20-203. Further, a condition is defective, unsafe or dangerous for purposes of removing governmental immunity is a question of fact. *Coln v. City of Savannah*, 966 S.W.2d 34, 35 (Tenn. 1998) (reversed on other grounds). Plaintiff must prove actual and/or constructive notice of the dangerous condition. Tenn. Code Ann. § 29-20-203(b).

The Act merely codifies the common law obligation of owners and occupiers of land defined as the "exercise of ordinary care and diligence in maintaining their premises in a safe condition for visitors upon the premises, and [owners] are under an affirmative duty to protect these

persons against dangers of which they know or which, with reasonable care and diligence, they might discover." *Sanders v. State*, 783 S.W.2d 948, 951 (Tenn. Ct. App. 1989). Proving notice of a dangerous or defective condition requires showing that either (1) the dangerous condition was created by the owners or his agent, or (2) if the condition was created by someone other than the owner or agent, the plaintiff must prove that the condition existed for such a length of time that the owner, in the exercise of ordinary care, knew of or reasonably should have discovered and corrected the condition. *Jones v. Zayre, Inc.*, 600 S.W.2d 730, 732 (Tenn. Ct. App. 1980). In this regard, defendant's witnesses testified that the hole's appearance was similar to an animal burrow or sink hole, and the park manager and ranger could not find a series of holes, nor had anyone received prior reports of deep holes, nor did they have any knowledge of prior accidents. The evidence is insufficient to establish actual or constructive notice of the hole's existence. The instant case is similar to the facts of *Byrd v. State*, 905 S.W.2d 197 (Tenn. Ct. App. 1995). In that case appellant was walking along a narrow roadway at Cove Lake State Park when she stepped off the road and onto the shoulder on account of traffic. There was no sidewalk. She fell when her left foot went into a deep hole about three feet off the roadway. This Court affirmed the Judgment for the defendant, finding that the plaintiff did not offer any evidence that the State had actual or constructive notice of the dangerous condition. As the *Byrd* Court observed, the State is not an insurer of those who enter upon its facilities.

Next, appellant challenges the denial of her motion to amend her Complaint on the day of trial to add cause of action for gross negligence and increase the ad damnum to $150,000.00, and denial of her Motion for Sanctions for defendant's failure to produce in discovery certain photographs.

With regard to the Motion to Amend, appellant cites Tenn. R. Civ. P. 15.01, which provides that leave to amend the pleadings "shall be freely given when justice so requires." Appellant did not show what injustice she suffered, given that she failed to carry the burden of proof to prove simple negligence. Adding a count for gross negligence under the facts of this case would avail plaintiff nothing. We affirm the Trial Court in denying the amendment.

The basis for appellant seeking sanctions arose during the testimony of Ranger Martin, where it was developed that the Attorney for the Department of Environment and Conservation had asked for a report on the accident. In response, the park rangers had made four Polaroid pictures of the area and sent them to the Department of Conservation and Environment. Pre-trial the plaintiff had requested "any videos or photographs, including aerial photographs of the area where the accident occurred." The State answered:

> "It is unknown to the defendant where any accident alleged by the claimant occurred. The only photographic responses to the request are those previously supplied by the claimants, but which do not provide any identifiers of the location of the alleged accident.

The Polaroid photographs were not offered in evidence, and the Trial Court, in denying plaintiff's

Motion observed that had the photographs been offered at trial, or had they tried to be used for some other purpose he would have excluded them, since plaintiff did not have the opportunity to examine. He concluded that the plaintiff had not established that the photographs were discoverable, and that they had been intentionally withheld.

The appellant, in her belief, asserts that "the abuse of discovery is inexcusable and should be punished." She relies on Tenn. R. Civ. P. 37, and argues that the photographs were made before the case was ever filed, and that counsel for defendant had the duty to enquire of officials at Standing Stone State Park and the State Department of Environment and Conservation as to whether photographs had been made by the State, and that the response to the discovery request was untruthful.

Generally, sanctions can be granted under Tenn. R. Civ. P. 37 only for failure to comply with a court order. *Strickland v. Strickland*, 618 S.W.2d 496, 501 (Tenn. Ct. App. 1981). However, the *Strickland* Court made clear that where there has been a violation of Tenn. R. Civ. P. 26.02, the Trial Court has an inherent power to sanction the offending party, and the Trial Court has wide discretion in such matters. *See, Gormley v. Varitan*, 403 At.2d 256 and other authorities as cited in *Strickland* at p.501.

In this case the photographs of the accident sites were not offered at trial, and were taken several months after the accident. The Trial Court noted that although it did not condone a failure to disclose, it was not of the opinion that the error prejudiced the plaintiff's case. We hold the Trial Court did not abuse its discretion in refusing to sanction the defendant.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Helen Cornell.

_____
HERSCHEL PICKENS FRANKS, J.

-5-