# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### March 15, 2005 Session

## MICHAEL SOWELL v. JAMES W. DAVIS

**A Direct Appeal from the Circuit Court for Gibson County**
**No. 7629     The Honorable Clayburn Peeples, Judge**

_____

**No. W2004-02079-COA-R3-CV - Filed April 12, 2005**

_____

Pro se plaintiff appeals the order of the trial court dismissing his personal injury lawsuit for failure to comply with an order compelling discovery. Because no order compelling discovery was entered by the trial court, we reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Michael Sowell, Pro Se

Kyle C. Atkins of Humboldt for Appellee, James W. Davis

### MEMORANDUM OPINION[1]

On July 16, 1999, plaintiff, Michael Sowell, through his attorney, filed a complaint seeking damages for personal injuries resulting from a vehicle collision with a tractor driven by defendant, James W. Davis, on a public highway. Plaintiff demanded a jury to try the case. Defendant duly answered the complaint, denying the material allegations thereof, and asserting his affirmative defenses. Defendant also demanded a jury to try the case.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by Memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On September 22, 1999, Volunteer State Health Plan, Inc., through its attorney, filed a motion to intervene, asserting subrogation rights by virtue of medical expenses furnished to the plaintiff. A proposed complaint of the intervenor was filed with the motion. No action was taken on this motion.

On January 27, 2000, defendant, through counsel, filed a "Motion to Compel" seeking the plaintiff to "answer discovery."

Subsequently, on February 19, 2002, defendant, through counsel, filed a motion to compel, seeking supplemental answers to discovery.

On September 26, 2003, defendant, through counsel, filed a "Motion to Dismiss for Failure to Prosecute," pursuant to Tenn.R.Civ.P. 41.02 (1). The motion states the case was filed July 16, 1999, and that depositions of both plaintiff and the defendant had been taken. A medical deposition was taken on May 10, 2001, and that in February 2002, defendant had to file a motion to compel in order to get medical records from plaintiff. The motion further states that defendant has tried to get needed information from plaintiff's counsel, but had only one response.     On October 14, 2003, the attorney for plaintiff filed a motion to withdraw, which was heard by the court on December 1, 2003.

On January 15, 2004, the court entered an order titled "Order on Motion to Dismiss for Failure to Prosecute," which states:

> This matter came before the Court on January 5, 2004, and after hearing statement of counsel and Mr. Sowell, the Court finds as follows:
>
> 1. That Michael Sowell will have until March 1, 2004, to find new counsel.
>
> 2. That this matter is tentatively reset for March 1, 2004, for a hearing on the Motion to reconsider to dismiss for failure to prosecute.
>
> 3. That if Michael Sowell finds counsel and that counsel contacts Kyle Atkins, counsel for Jimmy Davis, between now and March 1, 2004, the Court will be notified and the Motion will be withdrawn.
>
> 4. However, if Mr. Sowell is unable to find counsel by March 1, 2004, then the Court will hear Defendant's Motion for failure to prosecute on March 1, 2004, at 1:00 p.m. in Trenton, Tennessee.

On March 10, 2004, the court entered an order allowing attorney for plaintiff to withdraw as counsel.

On August 2, 2004, the court entered "Order on Motion to Dismiss for Failure to Prosecute," which states:

> This matter came to be heard upon the Motion of the Defendant, James W. Davis for an Order pursuant to the Tennessee Rules of Civil Procedure 41.02 and after hearing statement of counsel and the record as a whole, the Court finds that the Plaintiff, Michael Sowell has not complied with discovery requests in contradiction to the direct Order of the Court. Therefore, the Court finds that this matter is dismissed. Costs in this matter are taxed to the Plaintiff for its execution and reissue if necessary.

Plaintiff timely appealed pro se.

We perceive the sole issue on appeal to be whether the trial court erred in dismissing plaintiff's case.

We review the trial court's action on imposition of sanctions for discovery violations on an abuse of discretion standard. *See Brooks v. United Uniform Co.*, 682 S.W.2d 913 (Tenn. 1984); *Holt v. Webster,* 638 S.W.2d 391 (Tenn. Ct. App. 1982).

The court in the instant case dismissed plaintiff's action upon a finding "that the plaintiff, Michael Sowell, has not complied with discovery requests in contradiction of the direct order of the court." The problem with that finding is that it is not supported by the record in this case. The record contains no order of the court compelling discovery. Generally, sanctions can be granted under Tenn.R.Civ.P. 37.01 only for failure to comply with a court order. *See Cornell v. State*, 118 S.W.3d 374 (Tenn. Ct. App. 2003) (citing *Strickland v. Strickland*, 618 S.W.2d 496, 1 (Tenn. Ct. App. 1981).

In the instant case, the plaintiff was acting pro se, and the defendant was represented by counsel. This Court is aware that trial courts, by necessity, rely upon statements of counsel, as officers of the court, for the content of the trial record. In the instant case, although the plaintiff filed at least two motions to compel, there were absolutely no orders entered on any motion to compel. Needless to say, plaintiff must get his case ready for trial, but defendant should be cognizant of the status of the case at all times. The record is deficient in several respects, for example, the motion for intervention by the subrogee has apparently never been heard by the court. This can be taken care of on remand.

Accordingly, the order of dismissal is reversed. This case is remanded to the trial court for such further proceedings as necessary to bring this matter to a conclusion. Costs of appeal are assessed one-half to Appellant, Michael Sowell, and his surety, and one-half to the Appellee, James W. Davis.

_____

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.